CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 1 6 2009
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

BRAD SHELTON, ET AL.,

    *Plaintiff,*

v.

BNC MORTGAGE, INC., ET AL.,

    *Defendants.*

CIVIL NO. 3:08CV00013

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

    This matter is before the Court on the Plaintiffs' motion for default judgment against Defendants Jason Schoeman and Loanlenders of America, Inc.[1] ("Loanlenders") [docket no. 26]. "Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (quotations omitted). Although the clear policy of the Rules is to encourage dispositions of claims on their merits, entry of default judgment is committed to the discretion of the court. *See Moradi*, 673 F.2d at 727 (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

    The Court has examined the pleadings, the service of process, and the rest of the record in this case. The Plaintiffs filed their Complaint on March 3, 2008 and filed their Amended Complaint August 22, 2008. The Plaintiffs served Loanlenders with the Amended Complaint on September 16, 2008 and served Jason Schoeman with the Amended Complaint on September 26,

---

[1] The Complaint named various other defendants; however, the instant motion relates only to these two. Further, Defendant Schoeman's name appears in the Complaint as both "Schoeman" and "Shoeman." I will use "Schoeman" throughout this opinion.

2008. These Defendants had until October 6 and October 16, 2008 respectively to answer or otherwise respond to the Complaint. To date, neither Defendant has appeared, answered the Complaint, or otherwise defended this action. Therefore, they are in default.

Upon default, Plaintiff's factual allegations are accepted as true, but "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir.2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F2d 1200, 1206 (5th Cir. 1975)). In order to enter default judgment against a defendant, a court must "determine whether the well-pleaded allegations in [the] complaint support the relief sought" by the plaintiff. *Id.*

In their Amended Complaint, the Plaintiffs brought claims against Loanlenders and Schoeman for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* On March 1, 2007, the Plaintiffs entered into a mortgage, in which BNC Mortgage, Inc. was the lender, and Loanlenders served as the mortgage broker. Schoeman was an agent and operations manager for Loanlenders. The Plaintiffs were required to pay a finance charge in conjunction with the loan. The Plaintiffs allege that during the last week of February 2007, the Defendants told the Plaintiffs that their loan commitment from the lender would expire before the loan documents could be delivered. Therefore, once the documents were received, Schoeman instructed the Plaintiffs to close immediately by signing and back-dating the documents to February 26, 2007. Those documents included a Notice of Right to Cancel. However, the documents did not reflect the loan terms previously discussed by the parties. Thus, on March 2, 2007, Plaintiff Shelton signed and faxed a Notice of Right to Cancel to the lender. The Plaintiffs allege that the lender received the Notice, but failed to acknowledge it or to return any money it had received in connection with the loan. Instead, the lender issued the loan proceeds.

The Plaintiffs therefore allege that Loanlenders and Schoeman violated the Plaintiffs' rights of rescission under 15 U.S.C. § 1635(a) and Regulation Z § 226.23 (12 C.F.R. § 226.23) by requiring them to back-date the closing documents and the Notice of Right to Cancel, and to post-date the Statement of Non-Rescission by Borrower. The Truth in Lending Act provides that in transactions such as the one at issue in this case,

> the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.

15 U.S.C. § 1635(a). The Plaintiffs allege that by requiring them to back-date the consummation of the transaction, Loanlenders and Schoeman effectively eliminated their right to rescission, because the time to rescind would have expired before the Plaintiffs even received the loan documents.

The Truth in Lending Act creates civil liability for any creditor who violates 15 U.S.C. § 1635. 15 U.S.C. § 1640(a); *see also Redic v. Gary H. Watts Realty Co.*, 762 F.2d 1181, 1185 (4th Cir. 1985) ("Only 'creditors' are subject to the [Truth in Lending] Act's civil penalties."). The Plaintiffs allege that both Loanlenders and Schoeman are creditors under the meaning of the Act. A creditor is defined as a person who:

> (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(f). In this case, the Plaintiffs alleged that both Loanlenders and Schoeman "regularly extended or offered to extend consumer credit for which a finance charge is or may be

-3-

imposed, or which, by written agreement, is payable in more than four installments." (Compl. ¶ 10.) However, there is no allegation that Loanlenders and Schoeman were also the persons to whom the debt at issue was payable. In fact, the Complaint clearly alleges that BNC Mortgage, Inc. was the lender, that Loanlenders was the mortgage broker, and that Schoeman was Loanlenders' agent. (Compl. ¶ 11.) Under these circumstances, neither Schoeman nor Loanlenders qualify as a "creditor" subject to liability under 15 U.S.C. § 1635(a). *See Cetto v. LaSalle Bank Nat. Ass'n*, 518 F.3d 263, 269-70 (4th Cir. 2008) ("Because a mortgage broker is not one to whom the initial debt is payable, neither it nor its affiliates are 'creditors' under" the Truth in Lending Act.).

Thus, even taking the factual allegations in Plaintiffs' Complaint as true, the Complaint fails to establish the liability of Loanlenders or Schoeman. Accordingly, Plaintiffs' motion for default judgment and attorneys' fees and costs will be denied. Further, the Plaintiffs will be required to show cause why Loanlenders and Schoeman should not be terminated as parties to this matter. An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record and to Defendants Loanlenders and Schoeman.

ENTERED: This 16th Day of July, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE